IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 20 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

JERALD JEROME DORSEY,           §
                                §
          Plaintiff,            §
                                §
VS.                             §   NO. 4:12-CV-021-A
                                §
FNU RELF, ET AL.,               §
                                §
          Defendants.           §

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion to dismiss action based
on absolute immunity, filed in the above action by defendant
Linda Hemingway ("Hemingway").  Plaintiff, Jerald Jerome Dorsey,
filed nothing in response to the motion.  Having considered
Hemingway's motion and appendix, as well as the applicable legal
authorities, the court concludes that the motion should be
granted.

I.

### Plaintiff's Claims Against Hemingway

Plaintiff filed his original complaint on January 10, 2012,
alleging claims against Hemingway, a physical therapist at
Federal Correctional Institution in Fort Worth, Texas ("FCI--Fort
Worth"), as well as against two FCI--Fort Worth correctional

officers and United States of America.  The complaint makes the
following allegations pertinent to Hemingway:

Plaintiff, who is incarcerated at FCI--Fort Worth, is a
wheelchair-bound paraplegic.  Plaintiff uses a wheelchair
specifically designed for paraplegic individuals in that it
allows the user to apply pressure on the footrest bar.
Prisoners at FCI--Fort Worth repair wheelchairs under the
supervision of Hemingway, who is also responsible for ordering
the necessary parts.  When plaintiff took his wheelchair to the
repair shop at FCI--Fort Worth he was told no parts were
available for the repairs because Hemingway had refused to order
them.

On May 13, 2010, a prisoner in the repair shop who inspected
plaintiff's wheelchair determined that the chair needed front
wheel bearings, which the repair shop did not have.  The prisoner
in the repair shop believed that without the repairs plaintiff's
wheelchair was dangerous and unsafe to use.  Because FCI--Fort
Worth did not have another paraplegic wheelchair available
Hemingway assigned plaintiff a wheelchair typically used for
transfers.  Hemingway did not warn plaintiff that the substitute
wheelchair could flip or tilt if pressure was exerted on the
footrests, nor was training provided to plaintiff on how to use
the wheelchair.  Later that day, when plaintiff applied pressure

2

to the footrests of the substitute wheelchair, the chair titled forward and "catapulted" plaintiff to the floor, causing him to break his leg.  Compl. at 11.

Plaintiff also alleged that Hemingway refused to allow him to obtain a pair of wheelchair gloves, and refused to allow him to conduct physical therapy exercises.

Plaintiff asserted claims against United States of America under the Federal Tort Claims Act, and asserted Bivens[1] claims for violation of his constitutional rights against Hemingway and the correctional officers.

II.

Grounds of Hemingway's Motion and Analysis

Hemingway contends that as an officer of the United States Public Health Service ("PHS") she is entitled to absolute immunity from suit under the provisions of 42 U.S.C. § 233(a), which provides:

(a) Exclusiveness of remedy
The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

or employee of the Public Health Service while acting
within the scope of his office or employment, shall be
exclusive of any other civil action or proceeding by
reason of the same subject-matter against the officer
or employee (or his estate) whose act or omission gave
rise to the claim.

42 U.S.C. § 233(a).

In case the statutory language left any doubt about its
intentions, the United States Supreme Court recently affirmed
that § 233(a) precludes <u>Bivens</u> claims against officers or
employees of the PHS.  In <u>Hui v. Castaneda</u>, ___ U.S. ___, 130 S.
Ct. 1845 (2010), the Court reversed the lower courts' denial of
PHS employees' motions to dismiss <u>Bivens</u> claims against them
based on the absolute immunity provided by § 233(a).  The Court
held that based on the "plain language" of § 233(a), "PHS
officers and employees are not personally subject to <u>Bivens</u>
actions for harms arising out of" their conduct when acting
within the scope of their office or employment.  <u>Id.</u> at 1848.

The uncontroverted evidence submitted by Hemingway in
conjunction with her motion shows that she is a commissioned
officer of the PHS.  The evidence also shows that Hemingway's
actions as alleged in the complaint were done in the course and
scope of her duties as an officer of the PHS.  Under the plain
language of § 233(a), and consistent with the Supreme Court's

4

decision in <u>Hui</u>, Hemingway is entitled to absolute immunity as to plaintiff's <u>Bivens</u> claim against her.

Therefore,

The court ORDERS that Hemingway's motion to dismiss be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Jerald Jerome Dorsey, against defendant Hemingway in the above-captioned action be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Hemingway.

SIGNED July 20, 2012.

_____
JOHN McBRYDE
United States District Judge

5